Robin UHDE, Appellant,

v.

STATE of Alaska, Appellee.

No. 5916.

Court of Appeals of Alaska.

Nov. 12, 1982.

———

Margaret W. Berck, Asst. Public Defender, Kenai, and Dana Fabe, Public Defender, Anchorage, for appellant.

Peter A. Michalski, Asst. Atty. Gen., Office of Sp. Prosecutions and Appeals, Anchorage, and Wilson L. Condon, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

OPINION

BRYNER, Chief Judge.

Robin Uhde was convicted on his plea of no contest to the charge of driving while his license was suspended (DWLS), in violation of AS 28.15.291(a). At the time of his sentencing, Uhde asked the court to issue a limited license allowing him to drive for purposes related to his employment. The court denied this request, concluding that issuance of a limited license was prohibited by the statute under which Uhde was charged. Uhde was then sentenced to a term of forty days in jail, with twenty-five days suspended, and his driver's license was revoked for a one-year period. On appeal, Uhde contends that the sentencing court was not legally barred from issuing a limited driver's license to him.

We think Uhde's argument can be resolved, in large measure, by reference to the penalty provisions of the DWLS statute under which Uhde was convicted. AS 28.-15.291(a) specifies, in relevant part,[1] that when a person is convicted of driving while his license is suspended or revoked,

his license or privilege to drive shall be revoked, and he may not be issued a new license nor may his privilege to drive be

1. The full text of AS 28.15.291(a) is as follows:

*Driving while license canceled, suspended, revoked or in violation of limitation.* (a) No person may drive a motor vehicle on a highway or vehicular way or area in this state at a time when his driver's license, or privilege to drive in this state if he is licensed in another jurisdiction, has been canceled, suspended or revoked, or when he is driving in violation of a limitation placed upon his license, even when he is driving under a license issued in another jurisdiction. Upon conviction of a violation of this section, the court shall impose a minimum sentence of ·imprisonment of not less than ten days. The

execution of the sentence may not be suspended nor may probation or parole be granted until the minimum imprisonment provided in this section has been served; nor may imposition of sentence be suspended, except upon the condition that defendant be imprisoned for no less than the minimum period provided for in this section. In addition, his license or privilege to drive shall be revoked, and he may not be issued a new license nor may his privilege to drive be restored for an additional period of one year after the date that he would have been entitled to restoration of his driving privileges.

restored for an additional period of one year after the date that he would have been entitled to restoration of his driving privileges.

This language leaves little room for discretion by the sentencing court in connection with the driving privileges of a defendant convicted of ,DWLS. AS 28.15.291(a) directs a one-year revocation of the defendant's driver's license or privilege to drive and makes no provision for mitigation of this requirement.

In spite of the direct and unequivocal language of AS 28.15.291(a), Uhde maintains that the sentencing court was empowered to issue a limited license by the independent provisions of AS 28.15.201(a) which state (emphasis added):

> (a) A court of competent jurisdiction may, for good cause, impose limitations upon the driver's license of a person which will enable the person to earn a livelihood without excessive risk or danger to the public. However, no limitation may be placed upon a driver's license until after a review has been made of the person's driving record and other relevant information, *nor may a limitation be imposed when a statute specifically prohibits the limitation of a license for a violation of its provisions.*

Uhde reasons that this statutory language must be read in *pari materia* with AS 28.-15.291(a); thus, he argues that, in the absence of specific language foreclosing the option, AS 28.15.201(a) permits limited licenses to be issued in cases involving DWLS convictions under AS 28.15.291(a).

We have no quarrel with Uhde's premise that AS 28.15.201(a) must be read in *pari materia* with AS 28.15.291(a). Nevertheless, we believe Uhde's conclusion flawed, since it fails to accord sufficient significance to the express terms of AS 28.15.-291(a). The DWLS statute, when construed to give effect to its plain meaning, does in fact specifically prohibit issuance of limited licenses. First, AS 28.15.291(a) requires revocation, not suspension of the defendant's driver's license or driving privilege. As the state correctly notes, revocation of a license is conceptually at odds with issuance of a limited license. Revocation denotes complete termination and total forfeiture of the defendant's license and of his privilege to drive. *See* AS 28.35.260(a)(13). Issuance of a limited license, on the other hand, implies the continued existence of a license to limit.[2] Second, and equally significant, is the wording of AS 28.15.291(a) which provides that, upon revocation of the defendant's driver's license or privilege to drive for the mandatory one-year period, "he may not be issued a new license nor may his privilege to drive be restored" until the mandatory period of revocation has expired.

**2.** Treatment by the Alaska Motor Vehicle Code of suspended and limited licenses, on the one hand, and license revocation, on the other, is consistent with this analysis and supports the conclusion that revocation of a license is incompatible with issuance of a limited license. For example, AS 28.15.201(c) provides that upon termination of a limited license, a person may regain his regular driver's license by applying for issuance of a duplicate of his original license. Similarly, AS 28.15.211(c) prescribes the identical procedure of applying for issuance of a duplicate original license as the appropriate means of regaining a license following suspension or limitation. By contrast, under AS 28.15.211(d), a person whose license has been revoked must, in order to obtain a new license, reapply and be reexamined in the same manner as a new license applicant. Thus, in the case of a suspended license, issuance of a limited license does not pose a problem, because the defendant's original license, although in suspended status, is still in existence. In the case of a revoked license, however, there is simply no license or driving privilege which remains; hence, there is no basis upon which a limited license may be issued. It is not insignificant that, in at least one instance where the motor vehicle code requires revocation of a license but permits issuance of a limited license, express provisions allowing issuance of a limited license in lieu of revocation have been adopted, in addition to the general statutory provisions allowing limited licenses. In this instance, the statutory language is structured so that an exception to the requirement of revocation is made; the defendant's license is limited *instead* of being revoked. The statutory provisions do not permit simultaneous revocation of a license and issuance of a limited license. *See* AS 28.-15.181(a), (b).

We believe it apparent that any action by a court purporting to grant a limited license following madatory revocation under AS 28.15.291(a) would necessarily constitute either "issuance of a new license" or partial "restoration" of the defendant's "privilege to drive." In either event, it is manifest that the express language of AS 28.15.-291(a) would not permit the limited license.

We thus conclude that the language of AS 28.15.291(a) specifically prohibits issuance of limited licenses to persons convicted of DWLS. In light of the express prohibition against issuance of limited licenses contained in AS 28.15.291(a), one cannot properly rely upon the provisions of AS 28.15.201(a) as an independent source of authority for issuance of limited licenses; by its own terms, AS 28.15.201(a) does not apply where a statutory provision specifically prohibits issuance of limited licenses. We therefore hold that the sentencing court was correct in finding that it had no authority to issue a limited license to Uhde in this case.

The sentence is AFFIRMED.